IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JERRY CLYDE STEPHENSON, JR.,<br>JOSHUA CODY EAGLIN,<br>JASON TYLER CONLEY,<br><br>Defendants. | Case No. 25 CR 279 GKF<br><br>FILED UNDER SEAL<br><br>INDICTMENT<br>[COUNT ONE: 18 U.S.C. § 371 – Conspiracy;<br>COUNTS TWO and THREE: 18 U.S.C. § 2312 – Transportation of Stolen Motor Vehicles;<br>COUNT FOUR: 18 U.S.C. § 2314 – Transportation of Stolen Property;<br>Forfeiture Allegation: 18 U.S.C. § 982(a), 18 U.S.C. § 981(C), and 28 U.S.C. § 2461<br>– Stolen Property Forfeiture] |

THE GRAND JURY CHARGES:

## COUNT ONE
### [18 U.S.C. § 371]

From on or about August 26, 2021 to on or about August 27, 2021, in the Northern District of Oklahoma and elsewhere, the defendants, **JERRY CLYDE STEPHENSON, JR., JOSHUA CODY EAGLIN**, and **JASON TYLER CONLEY**, did knowingly and willfully conspire, confederate, and agree, with each other (collectively, the "Conspirators"), to commit an offense against the United States, that is:

a. Transporting in interstate commerce motor vehicles, knowing they have been stolen, in violation of Title 18, United States Code, Section 2312;



b. Possessing, concealing, storing, bartering, selling, and disposing of motor vehicles, which have crossed a State boundary after being stolen, in violation of Title 18, United States Code, Section 2313; and

c. Transporting and transferring in interstate commerce goods and merchandise, valued at $5,000 or more, knowing they have been stolen, in violation of Title 18, United States Code, Section 2314.

## THE PURPOSE OF THE CONSPIRACY

The purpose of the Conspiracy was for the Conspirators to unlawfully enrich themselves by stealing motor vehicles, goods and merchandise, within the Northern District of Oklahoma and elsewhere, then selling these items to purchasers of stolen goods inside and outside the state of Oklahoma.

## OVERT ACTS

In furtherance of the Conspiracy, the Conspirators committed, in the Northern District of Oklahoma and elsewhere, one or more of the following acts:

1. On or about August 26, 2021, **STEPHENSON**, **EAGLIN**, and **CONLEY** drove in a Chevy Silverado from Tulsa, Oklahoma, to Joplin, Missouri, to scout for trucks and trailers to steal.

2. On or about August 26, 2021, **STEPHENSON**, **EAGLIN**, and **CONLEY** drove to Springfield, Missouri, after not stealing anything in Joplin.

3. On or about August 26, 2021, once in Springfield, Missouri, **STEPHENSON**, **EAGLIN**, and **CONLEY** scouted for a location from which to steal.

4. On or about August 26, 2021, **STEPHENSON, EAGLIN,** and **CONLEY** stole a Ford pickup truck from Premium Painting, LLC., located at 2160 E. Blaine, Springfield, Missouri.

5. On or about August 27, 2021, **STEPHENSON, EAGLIN,** and **CONLEY** used the stolen Ford pickup truck from Premium Painting, LLC., located at 2160 E. Blaine, Springfield, Missouri.

6. On or about August 27, 2021, **STEPHENSON, EAGLIN,** and **CONLEY,** stole an International 4300 Rollback from Crown Power & Equipment.

7. On or about August 27, 2021, **STEPHENSON, EAGLIN,** and **CONLEY** transported the stolen property from Crown Power & Equipment to QuikTrip #71, located at 16141 East Skelly Drive, Catoosa, Oklahoma.

8. On or about August 27, 2021, **STEPHENSON, EAGLIN,** and **CONLEY** rearranged the stolen property at QuikTrip #71.

9. On or about August 27, 2021, **STEPHENSON, EAGLIN,** and **CONLEY** drove to the property of an individual known to the Grand Jury, located at 3535 North 35th West Avenue, Tulsa, Oklahoma.

10. On or about August 27, 2021, **STEPHENSON, EAGLIN,** and **CONLEY** left several of the stolen items on the property located at 3535 North 35th West Avenue in Tulsa.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
## [18 U.S.C. § 2312]

From on or about August 26, 2021, to on or about August 27, 2021, in the Northern District of Oklahoma and elsewhere, the defendants, **JERRY CLYDE STEPHENSON, JR., JOSHUA CODY EAGLIN,** and **JASON TYLER CONLEY**, unlawfully transported in interstate commerce from Missouri to Tulsa, Oklahoma, a motor vehicle, a Ford pickup, knowing the same to be stolen.

All in violation of Title 18, United States Code, Section 2312.

## COUNT THREE
**[18 U.S.C. § 2312]**

From on or about August 26, 2021, to on or about August 27, 2021, in the Northern District of Oklahoma and elsewhere, the defendants, **JERRY CLYDE STEPHENSON, JR.**, **JOSHUA CODY EAGLIN**, and **JASON TYLER CONLEY**, unlawfully transported in interstate commerce from Missouri to Tulsa, Oklahoma, motor vehicles, including an International 4300 Rollback, RTV, mowers, and tractors, knowing the same to be stolen.

All in violation of Title 18, United States Code, Section 2312.

## COUNT FOUR
## [18 U.S.C. § 2314]

From on or about August 26, 2021, to on or about August 27, 2021, in the Northern District of Oklahoma and elsewhere, the defendants **JERRY CLYDE STEPHENSON, JR., JOSHUA CODY EAGLIN,** and **JASON TYLER CONLEY,** unlawfully transported and transferred in interstate commerce from Missouri to Tulsa, Oklahoma, goods and merchandise, valued at $5,000 or more, including a trailer, rotary cutter, and loader, knowing they have been stolen.

All in violation of Title 18, United States Code, Section 2314.

## FORFEITURE ALLEGATION
## [18 U.S.C. § 982(a), 18 U.S.C. § 981(C), and 18 U.S.C. § 2461]

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a); Title 18, United States Code, Section 981(C); and Title 28, United States Code, Section 2461.

Upon conviction of the offenses alleged in this Indictment, as a part of his sentence, the defendant, **JERRY CLYDE STEPHENSON, JR.**, **JOSHUA CODY EAGLIN**, and **JASON TYLER CONLEY**, shall forfeit to the United States, any property constituting, or derived from, or traceable to, the proceeds obtained, directly or indirectly, as a result of such violations. The property to be forfeited includes, but is not limited to:

**MONEY JUDGMENT**

A money judgment in an amount of at least $148,000, representing proceeds obtained by the Defendants as a result of the offenses;

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1028(g), and Title 28, United States Code, Section 2461(c), the defendant shall forfeit substitute property, up to the value of the property described above if, by any act or omission of the defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in

value; or has been commingled with other property which cannot be divided without difficulty.

All pursuant to pursuant to Title 18, United States Code, Section 982(a); Title 18, United States Code, Section 981(C); and Title 28, United States Code, Section 2461.

CLINTON J. JOHNSON  
United States Attorney

A TRUE BILL

_____  
TYSON MCCOY  
Assistant United States Attorney

/s/ Grand Jury Foreperson  
Grand Jury Foreperson